People v Depas (2021 NY Slip Op 05978)





People v Depas


2021 NY Slip Op 05978


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-14100
 (Ind. No. 18-00020)

[*1]The People of the State of New York, respondent,
v
Jermika Depas, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered October 30, 2018, convicting her of welfare fraud in the third degree, criminal possession of a forged instrument in the second degree (three counts), and offering a false instrument for filing in the first degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes based on her alleged submission of false and forged documents to the Rockland County Department of Social Services in connection with certain applications for benefits. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of welfare fraud in the third degree, criminal possession of a forged instrument in the second degree (three counts), and offering a false instrument for filing in the first degree (three counts). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court